**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**BENNIE L. GAMBLE**                                                                                  **PETITIONER**

**v.**                                                               **CIVIL ACTION NO. 5:12-CV-85-R**

**GRADY PERRY**                                                                                        **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner filed a "Motion to Cure want of Jurisdiction Pursuant to 28 USC § 1631." The Court entered an Order on August 15, 2012, explaining that, because Petitioner seeks immediate release from custody, his "Motion to Cure" must be brought as a habeas corpus petition under 28 U.S.C. § 2254 and explaining that the cost to do so is $5.00. The Court ordered Petitioner within 30 days to either pay the fee or file a completed prisoner application to proceed without prepayment of fees. He was warned that failure to comply with the Order might result in dismissal of his action.

More than 30 days have passed, and Petitioner has failed to either pay the fee or submit the completed form. Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Therefore, by separate Order, the Court will dismiss the instant action. *See* FED. R. CIV. P. 41(b) (governing involuntary dismissal).

Date:

cc:     Petitioner, *pro se*
4413.009